**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Jay Feistner, ) | No. CV-05-3507-PHX-SMM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 1, 2005. (docket # 1) On March 31, 2006, the Court granted Plaintiff *in forma pauperis* and ordered service on Defendant. (docket # 3) On April 7, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, not in custody." (docket # 5) Plaintiff has not notified the Court of his current address.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, a plaintiff who has filed a pro se action must keep the Court apprized of his or her current address and comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprized of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

1  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
2 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move
3 for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the
4 Supreme Court recognized that a federal district court has the inherent power to dismiss a case
5 sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules
6 of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate
7 circumstances, the Court may dismiss a complaint for failure to prosecute even without notice
8 or hearing.  Id. at 633.

9  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
10 Court must weigh the following five factors: "(1) the public's interest in expeditious resolution
11 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
12 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
13 availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan,
14 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of
15 sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.
16 Thus the key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnson,
17 910 F.2d 652, 656 (9th Cir. 1990).

18  Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
19 to keep the Court informed of his address prevents the case from proceeding in the foreseeable
20 future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the
21 Court to consider whether a less drastic alternative is available.  Without Plaintiff's current
22 address, however, certain alternatives are futile.  Here, as in Carey, "[a]n order to show cause
23 why dismissal is not warranted or an order imposing sanctions would only find itself taking a
24 round trip tour through the United States mail."  856 F.2d at 1441.

25  The Court finds that only one less drastic sanction is realistically available.  Rule 41(b)
26 provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
27 "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court
28 finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this

1  action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules
2  of Civil Procedure.
3      **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of
4  Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter
5  judgment accordingly.
6      DATED this 16th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge